979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William VESTAL, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Kitchekan Fuel
Corporation, Respondents.
 No. 92-1620.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 20, 1992
Decided: November 16, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (89-2314-BLA)
 John P. Anderson, Princeton, West Virginia, for Appellant.
 George L. Partain, Logan, West Virginia; Michael John Denney, Office of the Solicitor, United States Department of Labor, Washington, D.C., for Appellees.
 Ben.Rev.Bd.
 Vacated and Remanded.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William Vestal appeals from a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision to deny his application for black lung benefits. The ALJ found the evidence of record sufficient to establish pneumoconiosis arising out of coal mine employment but insufficient to establish total disability due to pneumoconiosis.
 
 
 2
 The issue in this case is whether the ALJ properly weighed the medical reports of record pursuant to 20 C.F.R.s 718.204(c)(4) (1991). The Board found that the ALJ properly credited Dr. Thavaradhara's finding of no disability over the conflicting opinions of Drs. Modi and Cardona on the grounds that Dr. Thavaradhara's opinion was supported by objective studies whereas Drs. Modi and Cardona failed to explain how the non-qualifying results they obtained from their own testing supported their conclusion that Vestal was totally disabled. Although we reject Vestal's contention that the Board and ALJ erred in rendering these findings, we find merit in Vestal's argument that the ALJ erred by failing to consider the exertional requirements of his usual coal mine work in connection with the medical reports of Dr. Piracha. We also think the ALJ erred in his analysis of Dr. Piracha's findings.
 
 
 3
 Dr. Piracha, Vestal's treating physician, submitted a December 1979 medical report diagnosing pneumoconiosis with minimal chronic obstructive pulmonary disease and opined that "it cannot be said that [Vestal] is totally or permanently disabled, but that a disability of 20% is in order." Following an examination in April 1981, Dr. Piracha submitted a second report which did not specifically address disability but stated that Vestal's pulmonary disease limited him to walking one hundred yards, climbing no more than twenty steps, and, most significantly, to lifting and carrying no more than twenty pounds.
 
 
 4
 Vestal's uncontradicted testimony established that his last coal mine job required him to set jacks weighing fifty to sixty pounds, pin roof bolts weighing seventy-five to one hundred pounds, and drag cable he described as "heavy" for one or two hundred feet. Vestal correctly argues on appeal that the ALJ's opinion contains no discussion of the exertional requirements of his work. Moreover, the ALJ does not discuss Dr. Piracha's findings other than his statement that Dr. Piracha's finding of a twenty percent disability does not equate to a finding of total disability.
 
 
 5
 An ALJ may infer total disability through a comparison of a miner's physical limitations and the exertional requirements of his job. See Poole v. Freeman United Coal Mining Co., 897 F.2d 888 (7th Cir. 1990). Since, in this case, a person with the physical limitations described by Dr. Piracha in his 1981 report could not perform the tasks which Vestal testified his job required, the record contains sufficient evidence to support a finding of total disability. Moreover, we disagree with the ALJ's conclusion that Dr. Piracha's finding of a twenty percent disability cannot amount to a finding of a total disability. Depending upon the requirements of the miner's job, which in this case were strenuous, a twenty percent disability could render a miner unable to perform his usual work. See Conley v. Roberts & Schaefer Co., 7 BLR 1-309 (1984).
 
 
 6
 Although Dr. Piracha stated in the same report in which he found a twenty percent disability that a finding of total disability was inappropriate, Dr. Piracha was not empowered to make this legal determination. See Wilson v. Benefits Review Board, 748 F.2d 198 (4th Cir. 1984). This responsibility rested with the ALJ. Also, since it is unclear whether Dr. Piracha had an accurate understanding of Vestal's job duties, the ALJ was free to disregard Dr. Piracha's finding of a partial disability and find a total disability. See McCune v. Central Appalachian Coal Co., 6 BLR 1-996 (1984).
 
 
 7
 We therefore vacate the decision of the Board and remand to the Board with instructions to further remand this case to the ALJ for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED